**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on September 3, 2008)

| | |
|---|---|
| **ENTERGY NUCLEAR FITZPATRICK, LLC**, **ENTERGY NUCLEAR INDIAN POINT 3, LLC**, and **ENTERGY NUCLEAR OPERATIONS, INC.**, Plaintiffs, | |
| v. | No. 03-2627C (Chief Judge Damich) |
| **THE UNITED STATES**, Defendant. | |

**JOINT STATUS REPORT**

Pursuant to the Court's January 8, 2008 and July 8, 2008 Orders, counsel for the parties have conferred regarding how this case should proceed. Because the parties' positions regarding further proceedings cannot be reconciled, Plaintiffs and Defendant (the "Government") each present their positions separately below.

PLAINTIFFS' POSITION

As stated in their motion filed contemporaneously with this joint status report, Plaintiffs respectfully request that the Court lift the stay in this case. In recent years, Plaintiffs had sought a continuing stay of the instant action because of other pending SNF damages cases in this Court and at the United States Court of Appeals for the Federal Circuit (the "Federal Circuit"). For example, the parent company of Plaintiffs had been fully engaged with supporting efforts in other SNF damages cases before this Court, some of which were litigated through trial. E.g., System Fuels, Inc. v. United States, No. 03-2623C (Lettow, J.); System Fuels, Inc. v. United States, No. 03-2624C (Braden, J.). Nonetheless, during the stay of this case, Plaintiffs have continued to incur significant costs to mitigate the Government's continuing breach of contract.

Such costs are associated with, *inter alia*, the operation of a dry fuel storage facility, which facility is necessary to store the additional fuel that remains on-site due to the Government's long-term non-performance.

Because the parent company of Plaintiffs is now in a better position to support active litigation of the instant action, Plaintiffs seek to schedule a trial in this case for some time in calendar year 2010, which trial would permit Plaintiffs to claim costs incurred through at least part of calendar year 2009. The lifting of the stay is also necessary given the likelihood of recoverability of the costs of financing the actions taken to date to mitigate the effects of the Government's breach.[1] A continuation of the stay in this case works in favor of the Government's interests and against Plaintiffs' interests.

Accordingly, Plaintiffs propose that the stay in this case be lifted and that the Court require the parties to exchange RCFC 26 disclosures on or before December 31, 2008. Additionally, Plaintiffs are prepared to serve the Government with their expert reports/damages claims (and supporting records) on or before February 27, 2009. As for all other pre-trial and trial dates, Plaintiffs respectfully request that the parties be permitted to confer and reach agreement on such matters if the stay in this case is lifted.

Finally, Plaintiffs strongly oppose the Government's motion for coordinated discovery and a litigation plan, which the Government mentions below as a prerequisite to further proceedings in this and every other pending SNF case. While Plaintiffs intend to file a response to the Government's motion, there is no need to await a decision on the Government's motion before pressing forward in the instant case. Indeed, the Government indicates below that it is not

---

[1] See, e.g., System Fuels, Inc. v. United States, 78 Fed. Cl. 769 (2007), where additional proceedings were conducted after the initial trial decision to determine damages relating to that plaintiff utility's cost of capital or its cost of borrowed funds.

opposed to lifting the stay. Given the recent decisions by the Federal Circuit that settled the issues covered by the first coordinated discovery, there are no remaining issues that would warrant coordinated discovery or justify the costs of coordinated discovery. The Government has identified no such issues in its motion. The remaining issues to be adjudicated relate specifically to each plaintiff. Moreover, the Government's proposed litigation plan is certain to lead to more costs (particularly to the utilities) and less efficiency given that some utilities have no intention of requesting that the Court immediately lift the stay in their cases. And, others may seek to settle. Ultimately, the Government's proposed litigation plan also bears a striking resemblance to the Government's previous motions to consolidate,[2] but without even a hint of a common issue of law or fact to justify it. This most recent request should be denied and should not stand in the way of allowing the instant case to move forward.

DEFENDANT'S POSITION

Although the Government does not object to the lifting of the stay in this matter, any schedule adopted by the Court should reflect the recent developments in the SNF cases set forth below. As the Court is aware, on August 7, 2008, the United States Court of Appeals for the Federal Circuit issued three decisions in spent nuclear fuel ("SNF") cases, Yankee Atomic Electric Co. v. United States, Nos. 07-5025, -5026, -5027, -5031, -5032, -5033 (Fed. Cir.); Pacific Gas & Electric Co. v. United States, No. 2007-5046 (Fed. Cir.); and Sacramento Municipal Utility District v. United States, Nos. 2007-5052, -5097 (Fed. Cir.). In these rulings, the Federal Circuit made several determinations likely to significantly affect the landscape of the SNF litigation, including findings regarding the appropriate SNF acceptance rate to apply for

[2] Each of the Government's prior attempts to consolidate the SNF cases has ended with this Court rejecting such an "extraordinary action." *See, e.g.* Order of the Chief Judge at 2 (Jan. 30, 2004).

purposes of evaluating causation and damages in these cases. The 45-day deadline for the Government to file a petition for rehearing under Rules 40(a)(1) and 35(c) of the Federal Rules of Appellate Procedure has yet to expire. Additionally, Nebraska Public Power District v. United States, No. 07-5083 (Fed. Cir.), remains pending before the Federal Circuit. That appeal involves whether the Government may invoke the "Unavoidable Delays" clause of the Standard Contract as a defense against liability in the SNF cases.

On August 21, 2008, we filed in all the pending SNF cases, including this one, a Motion to Coordinate Discovery and Develop a Litigation Plan for the Spent Nuclear Fuel Cases ("Coordination Motion").[3] This case is one of the stayed cases which were the focus of that motion, see 8/21/08 Coordination Motion 8, Attachment A, which, contrary to Plaintiff's suggestion, does not request consolidation of the SNF cases. Through our Coordination Motion, the Government respectfully seeks the assignment of a three-judge panel to consider and issue a case management order governing continuing discovery in all cases involving claims for partial breach of the Standard Contract. We further seek the establishment of a litigation plan for resolving the remaining SNF cases pending before this Court.

In sum, the Government is not opposed to lifting the stay in this case. However, we respectfully request that any lifting of the current stay be undertaken in conjunction with final guidance from the Federal Circuit in the cases cited above, and after the granting of the relief requested in our Coordination Motion.

[3] Pursuant to RCFC 40.2, we captioned our Coordination Motion in the name of the earliest pending SNF case, Florida Power & Light Co. v. United States, No. 98-483 (Fed. Cl.).

Dated: September 3, 2008

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Daniel S. Herzfeld
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiffs
Entergy Nuclear Fitzpatrick, LLC
Entergy Nuclear Indian Point 3, LLC
Entergy Nuclear Operations, Inc.

OF COUNSEL:
Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

L. Jager Smith, Jr.
**WISE CARTER CHILD**
**& CARAWAY, P.A.**
1340 Echelon Parkway
Jackson, MS 39213
(601) 368-5572
(601) 368-5816 (fax)

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Scott Slater by s/ Daniel S. Herzfeld
SCOTT SLATER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tele: (202) 616-0467
Fax: (202) 307-2503
Attorneys for Defendant

OF COUNSEL:
JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585