IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ENTERGY NUCLEAR FITZPATRICK, LLC, ) <br> ENTERGY NUCLEAR INDIAN POINT 3, LLC, ) <br> and ENTERGY NUCLEAR OPERATIONS, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) | No. 03-2627C <br> (Chief Judge Damich) |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND SUPPLEMENTAL COMPLAINT

For its answer to the first amended complaint and supplemental complaint of plaintiffs, Entergy Nuclear Fitzpatrick, LLC, Entergy Nuclear Indian Point 3, LLC, and Entergy Nuclear Operations, Inc., defendant, the United States, admits, denies, and alleges as follows:

1.  The allegations contained in the first sentence of paragraph 1 are conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 1 that, in 1983, Power Authority of the State of New York entered into contracts for the disposal of its spent nuclear fuel by the Department of Energy ("DOE"); otherwise denies the allegations contained in the second sentence of paragraph 1. Denies the allegations contained in the third sentence of paragraph 1. Admits the allegations contained in the fourth sentence of paragraph 1 that DOE has not yet begun the disposal of spent nuclear fuel and high-level radioactive waste (collectively, "SNF") under the standard contract published at 10 C.F.R. § 961.11; the remaining allegations contained in the fourth sentence of paragraph 1 are plaintiffs' characterizations of this action to which no response is required; to the

extent that they may be deemed allegations of fact, they are denied.  The allegations contained in the fifth sentence of paragraph 1 are conclusions of law and plaintiffs' characterizations of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

      2.      Denies the allegations contained in the first, second, and third sentences of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the fourth sentence of paragraph 2 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth sentence of paragraph 2.  Denies the allegations contained in the fifth sentence of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegation contained in the sixth sentence of paragraph 2 to the extent supported by the letters and contract cited, which are the best evidence of their contents; otherwise denies the allegations contained in the sixth sentence of paragraph 2.  Denies the allegations contained in the seventh sentence of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in footnote 2 to paragraph 2 to the extent supported by the complaint in the cited case, which is the best evidence of its contents; otherwise denies the allegations contained in footnote 1 to paragraph 2.

      3.      Admits.

      4.      The allegations contained in paragraph 4 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. The allegations contained in the first sentence of paragraph 5 are conclusions of law and plaintiffs' characterizations of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 5 to the extent supported by the court decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 5.

6. Admits the allegations contained in the first sentence of paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 6. The allegations contained in the second sentence of paragraph 6 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7. Admits the allegations contained in paragraph 7 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Denies the allegation contained in the first sentence of paragraph 8; avers that DOE and the nuclear industry both developed the standard contract. Admits the allegations contained in the second and third sentences of paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 8.

9. Admits the allegations contained in the first sentence of paragraph 9 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 9. Denies the allegations contained in the

second sentence of paragraph 9 for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegations contained in the third sentence of paragraph 9.

10. The allegations contained in the first and second sentences of paragraph 10 are conclusions of law and plaintiffs' characterizations of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 10 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise denies the allegations contained in the third sentence of paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the Mission Plan Amendment cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. The allegations contained in paragraph 14 are conclusions of law and plaintiffs' characterizations of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

15. Admits the allegations contained in paragraph 15 to the extent supported by the final interpretation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the petitions for review and court decision cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the petition for a writ of mandamus and court decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 18.

19. Denies the allegations contained in the first sentence of paragraph 19. Admits the allegations contained in the second sentence of paragraph 19 that DOE has not yet provided a firm commencement date for the disposal of SNF at the Fitzpatrick and Indian Point 3 nuclear plants; the remaining allegations contained in the second sentence of paragraph 19 are plaintiffs' characterizations of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 19 that DOE did not begin to dispose of SNF by January 31, 1998, and that DOE previously announced that it did not anticipate that it could begin to dispose of SNF until 2010; the remaining allegations contained in the third sentence of paragraph 19 are plaintiffs' characterizations of this action to which no response is required; to the extent that they may be

deemed allegations of fact, they are denied. Admits the allegations contained in the fourth sentence of paragraph 19 that DOE was subsequently forced to postpone its planned performance from 2010 to 2017 to 2020; the remaining allegations contained in the fourth sentence of paragraph 19 are plaintiffs' characterizations of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the fifth sentence of paragraph 19 to the extent supported by the budget document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fifth sentence of paragraph 19. Admits the allegation contained in the sixth sentence of paragraph 19 that DOE does not currently have a projected date as to when the acceptance of SNF and/or HLW will begin; the remaining allegations contained in the sixth sentence of paragraph 19 are plaintiffs' characterizations of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. Admits the allegations contained in paragraph 20 to the extent supported by the court decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 20.

21. Denies.

22. Defendant's response to paragraphs 1 through 21 of the complaint are incorporated by reference.

23. The allegations contained in paragraph 23 are conclusions of law and plaintiffs' characterizations of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

24.     Admits the allegations contained in paragraph 24 to the extent supported by the decisions issued by the courts of appeals in Indiana Michigan Power Co. v. United States, 88 F.3d 1272 (D.C. Cir. 1996); Northern States Power Co. v. United States Department of Energy, 128 F.3d 754 (D.C. Cir. 1997); Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336 (Fed. Cir. 2000); Northern States Power Co. v. United States, 224 F.3d 1361 (Fed Cir. 2000); and Nebraska Public Power Co. v. United States, 73 Fed. Cl. 650 (2006), appeal pending, No. 07-5083 (Fed. Cir. 2007); otherwise denies the allegations contained in paragraph 24.

25.     Denies the allegations contained in the first and second sentences of paragraph 25. Denies the allegations contained in the third sentence of paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26.     Defendant's responses to paragraphs 1 through 25 of the complaint are incorporated by reference.

27.     The allegations contained in paragraph 27 are conclusions of law and plaintiffs' characterizations of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28.     The allegations contained in paragraph 28 are conclusions of law and plaintiffs' characterizations of their case to which no response is required; to the extent that they may be deemed allegations of fact, defendant admits that expenditures to date from the Nuclear Waste Fund have been less than the level of receipts into the Nuclear Waste Fund; otherwise denies the allegations contained in paragraph 28.

29.     The allegations contained in paragraph 29 are conclusions of law and plaintiffs' characterizations of their case to which no response is required; to the extent that they may be

deemed allegations of fact, they are denied; defendant avers that DOE has not accepted any commercial SNF under the auspices of the Nuclear Waste Policy Act, 42 U.S.C. §§ 10101-10270.

30. Denies the allegations contained in the first sentence of paragraph 30. Denies the allegations contained in the second sentence of paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the first sentence of footnote 3 to paragraph 30 to the extent supported by the complaint cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of footnote 3 to paragraph 30. Denies the allegations contained in the second sentence of footnote 3 to paragraph 30 for lack of information sufficient to form a belief as to their truth. The allegations contained in the third sentence of footnote 3 to paragraph 30 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; defendant specifically avers that Stockton East Water Dist. v. United States, 583 F.3d 1344, 1368-69 (Fed. Cir. 2009), as cited in the third sentence of footnote 3 to paragraph 30, does not provide a basis for disturbing this Court's proper dismissal of plaintiffs' takings claim.

31. Admits the allegations contained in paragraph 31.

32. The allegations contained in paragraph 32 are conclusions of law and plaintiffs' characterizations of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 are conclusions of law and plaintiffs' characterizations of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 are conclusions of law and plaintiffs' characterizations of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

35. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 34, or to any relief whatsoever.

36. Denies each and every allegation not previously admitted or otherwise qualified.

### FIRST AFFIRMATIVE DEFENSE

37. To the extent that the defense is not barred by the United States Court of Appeals for the District of Columbia Circuit's writ of mandamus in <u>Northern States Power Co. v. United States Department of Energy</u>, 128 F.3d 754 (D.C. Cir. 1997), the "unavoidable delays" clause of the Standard Contract would affect or eliminate the Government's liability for and/or plaintiffs' ability to recover damages for DOE's delay.[1]

          Respectfully submitted,

          TONY WEST
          Assistant Attorney General

          JEANNE E. DAVIDSON
          Director

---

[1] Since the Government's filing of its original answer in this case, Power Authority of New York ("NYPA"), plaintiff in the companion case pending at Docket No. 00-703C (Fed. Cl.), has definitively withdrawn its previously pled claim for diminution in value damages. Based upon this withdrawal, we have not pled an affirmative defense and counterclaim for offset or recoupment, as appeared in our initial answer. The Government, however, hereby reserves its right to seek offset or recoupment should NYPA seek to re-institute its diminution claim.

| | |
|---|---|
| OF COUNSEL: | s/Harold D. Lester, Jr.<br>HAROLD D. LESTER, JR.<br>Assistant Director |
| JANE K. TAYLOR<br>Office of General Counsel<br>U.S. Department of Energy<br>1000 Independence Ave., S.W.<br>Washington, D.C. 20585 | s/Scott Slater<br>SCOTT SLATER<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division |
| MARIAN E. SULLIVAN<br>Senior Trial Counsel | U.S. Department of Justice<br>Attn: Classification Unit<br>8th Floor |
| JOSEPH E. ASHMAN<br>JOSEPH D. KELLER<br>MICHELLE R. MILBERG<br>JORDAN CUNNINGHAM<br>Trial Attorneys<br>Commercial Litigation Branch | 1100 L Street, N.W.<br>Washington, D.C. 20530<br>Tel: (202) 616-0467<br>Fax: (202) 307-2503 |
| Dated: December 22, 2009 | Attorneys for Defendant |

CERTIFICATE OF FILING

I hereby certify that on this 22nd day of December 2009, a copy of the foregoing "DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND SUPPLEMENTAL COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Scott Slater