**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on January 14, 2010)

|  |  |  |
|---|---|---|
| **ENTERGY NUCLEAR FITZPATRICK, LLC**, **ENTERGY NUCLEAR INDIAN POINT 3, LLC**, and **ENTERGY NUCLEAR OPERATIONS, INC.**, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 03-2627C (Judge Damich) |
| **THE UNITED STATES**, | ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S FIRST AFFIRMATIVE DEFENSE**

Pursuant to RCFC 12(f), Plaintiffs Entergy Nuclear Fitzpatrick, LLC, Entergy Nuclear Indian Point 3, LLC, and Entergy Nuclear Operations, Inc. (together "Entergy") respectfully move that the Court strike the Defendant's first affirmative defense in the Defendant's Answer and Affirmative Defenses to [Entergy's] First Amended Complaint and Supplemental Complaint, dated December 22, 2009 (the "Answer"). This motion is timely filed under RCFC 12(f). The Defendant's unavoidable delays affirmative defense should be stricken because the assertion of the defense is in direct violation of the mandamus order issued by the United States Court of Appeals for the District of Columbia Circuit (the "D.C. Circuit") in *Northern States Power Company v. DOE*, 128 F.3d 754, 760 (D.C. Cir. 1997). *See also Nebraska Public Power District v. United States*, No. 2007-5083, slip op. (Fed. Cir. Jan. 12, 2010) (holding that the D.C. Circuit's mandamus order was valid and must be given *res judicata* effect) ("*NPPD*"). In addition to being legally insufficient, the Defendant also waived the unavoidable delays affirmative defense by failing timely to raise it.

The Defendant's affirmative defense must be stricken as legally insufficient because the assertion of the defense violates the explicit mandamus order issued by the D.C. Circuit in *Northern States Power*. The D.C. Circuit specifically ordered:

> Accordingly, we order DOE to proceed with contractual remedies in a manner consistent with the NWPA's command that it undertake an unconditional obligation to begin disposal of the SNF by January 31, 1998. More specifically, we preclude DOE from concluding that its delay is unavoidable on the ground that it is not yet prepared a permanent repository or that it has no authority to provide storage in the interim. . . . We therefore issue a writ of mandamus precluding DOE from excusing its own delay on the grounds that it has not yet prepared a permanent repository or interim storage facility.

128 F.3d at 760-61.

The Defendant attempts to contravene the unambiguous mandamus order by asserting that its unavoidable delays defense is only being asserted conditionally "to the extent that the defense is not barred." Answer at 9. The Defendant's conditional language does not cure the fatal defect that the Defendant's affirmative defense is *explicitly barred* by the legally valid mandamus order issued by the D.C. Circuit expressly precluding the Defendant from "concluding that its delay is unavoidable." Removing any doubt about whether the *Northern States Power* partial mandamus order applies to the Defendant, the United States Court of Appeals for the Federal Circuit (the "Federal Circuit") issued its January 12, 2010 *en banc* opinion in *Nebraska Public Power District v. United States*, No. 2007-5083, in which it held that the D.C. Circuit had jurisdiction to review the Defendant's compliance with the NWPA, that the mandamus order issued by the D.C. Circuit "is not void," and that the order should be given "*res judicata* effect." Specifically, the Federal Circuit held that "The D.C. Circuit's order prohibited the government from using contract interpretation as a means of avoiding its statutory obligations under section 302, which the D.C. Circuit was authorized to do as a means of enforcing the statutory claim that was brought before it in the *Indiana Michigan* case." Slip op.

at 12.  The Federal Circuit explained that the D.C. Circuit issued the mandamus order to "bar DOE from doing under the rubric of contract interpretation what section 302(a)(5)(B) prohibited as a matter of statutory compulsion."  *Id*. at 26.

The D.C. Circuit's mandamus order, and the Federal Circuit's determination that the mandamus order is valid and enforceable, legally precludes the Defendant's assertion of an unavoidable delays defense until such time as the D.C. Circuit or the United States Supreme Court modifies or rescinds the order.  S*ee NPPD*, slip op. at 33 (discussing the finality of the D.C. Circuit's holding following the United States Supreme Court's denial of the government's petition for a writ of certiorari).  Because the Defendant cannot assert an unavoidable delays affirmative defense without violating the D.C. Circuit's mandamus order, the defense is legally insufficient as a matter of law and must be stricken.  The motion to strike is also warranted to avoid the need for this Court to decide a question that the Federal and D.C. Circuits have already determined as a matter of law.  *See Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007) (affirming trial court's striking of portions of the defendant's reply and counterclaim, and holding "these issues had been repeatedly decided by the court, and it properly refused to entertain the same issues again cloaked as newly raised claims").  Defendant should not be allowed needlessly to complicate this case with what amounts to at least a third bite at the "unavoidable delays" apple.

Additionally, the Court should find that the Defendant waived its unavoidable delay defense.  Entergy filed its initial complaint on November 5, 2003.  Following a stay in the case, Entergy submitted its motion for summary judgment on liability on November 6, 2008.  The Defendant submitted its response on December 9, 2008.  The Government's response merely requested that the Court defer on ruling on Entergy's summary judgment motion until the

3

401331060v2

Federal Circuit issued an opinion in *NPPD*. The Court granted Entergy's motion for summary judgment on liability on February 26, 2009. The Government first conditionally asserted the unavoidable delays defense in its Answer, which was filed out of time on February 24, 2009. In its timely filed reply to the Government's February 24, 2009 Answer, Entergy asserted that the Government's assertion of an unavoidable delays affirmative defense violated the D.C. Circuit's mandamus order and that Entergy expressly reserved its right to challenge the Government's assertion of the defense. The Government's delay in asserting an unavoidable delays affirmative defense until *after* the parties had completed briefing on summary judgment on liability is unexplained and prejudicial to Entergy. The Government's delay should result in a determination that the defense was waived because the defense was known to the Defendant well before the Defendant filed its response to Entergy's motion for summary judgment on liability, and the late assertion of this defense would not further the interests of justice, preserve judicial resources, or foster efficiency. *Wisconsin Electric Power Company v. United States*, No. 00-697C, 2009 WL 5178375, at *76 (Fed. Cl. Dec. 18, 2009) (rejecting introduction of unavoidable delays affirmative defense in post-summary judgment briefing and collecting Federal Circuit decisions discussing waiver of affirmative defenses not pled in response to a motion for summary judgment); *see also S. Nuclear Operating Co. v. United States*, 77 Fed. Cl. 396, 457-58 (2007) (rejecting introduction of unavoidable delays defense after the Defendant's liability was determined).

    For the reasons stated herein, Entergy respectfully requests that the Defendant's affirmative defense based on unavoidable delays be stricken as legally insufficient. Striking this affirmative defense would further streamline the germane issues for adjudication by the Court and would further the "just, speedy, and inexpensive determination" of this matter. RCFC 1.

Dated: January 14, 2010            Respectfully submitted,

OF COUNSEL:                        s/ Alex D. Tomaszczuk by s/ Evan D. Wesser
Jay E. Silberg                     Alex D. Tomaszczuk
Daniel S. Herzfeld                 **PILLSBURY WINTHROP**
Jack Y. Chu                        **SHAW PITTMAN LLP**
Evan D. Wesser                     1650 Tysons Boulevard
**PILLSBURY WINTHROP**             McLean, VA 22102-4859
**SHAW PITTMAN LLP**               (703) 770-7940
2300 N Street, N.W.                (703) 770-7901 (fax)
Washington, D.C. 20037
(202) 663-8000                     Counsel of Record for Plaintiffs
(202) 663-8007 (fax)               Entergy Nuclear Fitzpatrick, LLC
                                   Entergy Nuclear Indian Point 3, LLC
L. Jager Smith, Jr.                Entergy Nuclear Operations, Inc.
**WISE CARTER CHILD**
**& CARAWAY, P.A.**
1340 Echelon Parkway
Jackson, MS  39213
(601) 368-5572
(601) 368-5816 (fax)

5

401331060v2